BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
PACIFIC MARITIME SERVICES LTD.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PACIFIC MARITIME SERVICES LTD.,

              Plaintiff,

  -against-

UNIPEARL LIMITED,

             Defendant.
------------------------------------------------------------------X

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, PACIFIC MARITIME SERVICES LTD. ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant UNIPEARL LIMITED ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a foreign corporation with an office and place of business at 35A Regent Street, Jasmine Court, Suite 101, Belize City, Belize.

3. Upon information and belief, at all material times, Defendant was and still is a corporation organized and existing under the laws of the British Virgin Islands, with an office and place of business at Trident Chambers Road Town, Tortola, BVI.

4. At all material times, Plaintiff was the disponent owner of the motor vessel AJAKS II ("the Vessel").

5. On or about November 14, 2007, Plaintiff, as disponent owner, and Defendant, as charterer, entered into a charter agreement whereby Plaintiff agreed to let and Defendant agreed to hire the Vessel for a voyage for the transport of sunflower seed meal, under certain terms and conditions, from Rostov-on-Don, Russia to Bandirma, Turkey, ("the Charterparty").

6. Under the terms of the Charterparty, Plaintiff was entitled to receive demurrage in the amount of $1,250.00 for each day, or portion thereof, that Defendant, as charterer, exceeded the time allowed under the charter party for loading and discharging the cargo of sunflower seed meal.

7. On December 12, 2007, the Vessel arrived at the port of Bandirma, and the master tendered a Notice of Readiness for discharge at 8:00 A.M.. Discharge was completed on December 31, 2007, at 10:15 A.M. Under the terms of the Charterparty, Defendant was permitted four weather working days total for discharge, Saturdays, Sundays, and holidays excluded. Thus, Defendant exceeded discharge time by 12.22 days, incurring total discharge port demurrage of $15,275.00. Only $4,127.60 of this demurrage has been paid by Defendant despite due demand for payment in full.

8. Under the terms of the Charterparty, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. The parties have commenced arbitration proceedings in London.

9. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

10. In addition to recovering the principal amount due Plaintiff pursuant to the Charterparty, Plaintiff also fully anticipates recovering interest, costs and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| a. | On the principal claim | $11,147.40 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $2,180.63 |
| c. | Costs (arbitrators' fees, attorneys' fees etc.) | $25,000.00 |
| | TOTAL | $38,328.03 |

11. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule

B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $38,328.03, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C.   That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D.   That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       February 13, 2008

                                      BROWN GAVALAS & FROMM LLP
                                      Attorneys for Plaintiff
                                      PACIFIC MARITIME SERVICES LTD.

                                By:   _____
                                      Peter Skoufalos (PS-0105)
                                      355 Lexington Avenue
                                      New York, New York 10017
                                      212-983-8500

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
13th day of February 2008

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010

5